UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,     )<br>        )<br>    Plaintiff,     )<br>        )<br>v.     )<br>        )<br>CHRISTOPHER VANZANT,     )<br>        )<br>    Defendant.     ) | CR. No. <u>25-cr-20351-SHL</u> |

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the following constitutes the plea agreement reached between the UNITED STATES, represented by D. MICHAEL DUNAVANT, United States Attorney for the Western District of Tennessee, and RANEY IRWIN, Assistant United States Attorney, and the defendant, CHRISTOPHER VANZANT, represented by DAVID BELL, defense counsel.

1. CHRISTOPHER VANZANT agrees that he will enter a voluntary plea of guilty to Count 1 of the Indictment, which charges the defendant with intentionally and forcibly assaulting, resisting, opposing, impeding, and interfering with a federal law enforcement officer, engaged in the performance of their official duties, with a deadly and dangerous weapon in violation of 18 U.S.C. §§ 111(a) and 111(b). This offense carries a maximum statutory punishment of imprisonment for not more than twenty (20) years, a fine of not more than $250,000, a period of supervised release for not more than three (3) years, and a mandatory special assessment of $100.

2.    CHRISTOPHER VANZANT agrees that he is pleading guilty to Count 1 of the Indictment because he is in fact guilty of the offense charged in Count 1 of the Indictment.

3.    Pursuant to this agreement, the UNITED STATES agrees to recommend:

a.    That the defendant receive full credit for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1;

b.    That the defendant be sentenced at the low end of the advisory guideline range as that range is determined by the Court;

c.    That following the said term of imprisonment, the defendant be placed on supervised release for a period of time to be determined by the Court;

d.    That the defendant be required to pay a fine, if ordered by the Court; and,

e.    That the defendant pay the mandatory special assessment fee of $100 per count, said amount due and owing as of the date sentence is pronounced.

4.    CHRISTOPHER VANZANT understands that if the UNITED STATES receives information between the signing of this agreement and the time of the sentencing that the defendant has previously engaged in, or if he engages in the future, in conduct inconsistent with acceptance of responsibility, including, but not limited to, participation in any additional criminal activities between now and the time of sentencing, the UNITED STATES' position on acceptance of responsibility credit could change. Further, the defendant understands that whether or not acceptance of responsibility credit pursuant to U.S.S.G. § 3E1.1 is granted is a matter to be determined by the Court. Failure of the Court to grant acceptance of responsibility credit or impose a sentence as recommended by the UNITED STATES in this agreement shall not be a basis for CHRISTOPHER VANZANT to withdraw his guilty plea.

2

5.      Should it be judged by the UNITED STATES that the defendant has committed or attempted to commit any additional crimes or has engaged in any conduct constituting, obstructing or impeding justice within the meaning of U.S.S.G. § 3C1.1 or has failed to make any court appearances in this case, from the date of the defendant's signing of the plea agreement to the date of the defendant's sentencing, or if the defendant attempts to withdraw his plea, the UNITED STATES will be released from its obligations and would become free to argue for any sentence within statutory limits. Such a breach by the defendant would not release the defendant from this plea of guilty.

6.      CHRISTOPHER VANZANT understands that 18 U.S.C. § 3742 gives him the right to appeal the sentence imposed by the Court.  Acknowledging this, the defendant knowingly and voluntarily waives his right to appeal any sentence imposed by the Court and the manner in which the sentence is determined so long as it is within the applicable guideline range, or lower, whatever the guideline range might be. Further, defendant waives and gives up the right to challenge any conviction or sentence imposed or the manner in which the sentence was determined in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255. This waiver is made in exchange for the concessions by the UNITED STATES as set forth in this agreement. The waiver in the paragraph does not apply to claims relating to prosecutorial misconduct and ineffective assistance of counsel.

7.      CHRISTOPHER VANZANT agrees to waive any objections based on Fed. R. Evid. 410 to the use of any statements made by him in the course of the plea colloquy in any criminal prosecution.

3

8.    CHRISTOPHER VANZANT agrees that this plea agreement constitutes the entire agreement between himself and the UNITED STATES and that no threats have been made to induce him to plead guilty. By signing this document, CHRISTOPHER VANZANT, acknowledges that he has read this agreement, has discussed it with his attorney and understands it. CHRISTOPHER VANZANT, acknowledges that he is satisfied with his attorney's representation.

FOR THE UNITED STATES:

D. MICHAEL DUNAVANT
UNITED STATES ATTORNEY

_____          3-24-26
RANEY IRWIN                               Date
Assistant United States Attorney

_____          3-24-26
DAVID BELL                                Date
Attorney for Defendant

_____          3-24-26
CHRISTOPHER VANZANT                       Date
Defendant

FILED IN OPEN COURT
DATE: 3/24/26
TIME: 3:41 AM
INITIALS: JAM

4